**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTINE CARRS,** Individually and as Personal representative of the Estate of Daniel P. Bisk, deceased, and **ZOE ANNE BISK**, and **CAROLINE DORA BISK,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-3423-L** |
| **AVCO CORPORATION, on behalf of its LYCOMING ENGINES division, KS GLEITLAGER USA, INC. f/k/a KS BEARINGS, INC., KOLBENSCHMIDT PIERBURG AG, KS KOLBENSCHMIDT GmbH f/k/a KOLBENSCHMIDT AG, and SUPERIOR AIR PARTS, INC.,** | § § § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand, filed January 9, 2012. After careful consideration of the motion, response, record, and applicable law,[1] the court **denies** Plaintiffs' Motion to Remand.

**I.   Background**

Christine Carrs, Zoe Anne Bisk, and Caroline Dora Bisk ("Plaintiffs") filed this action in County Court at Law Number Two, Dallas County, Texas, against AVCO Corporation, on behalf of its Lycoming Engines division; KS Gleitlager USA, Inc. f/k/a KS Bearings, Inc.; Kolbenschmidt

---

[1]Plaintiffs did not file a reply. The court hoped that a reply would have been filed by Plaintiffs to address Defendant AVCO Corporation's arguments made in its response; perhaps, Plaintiffs determined that a reply would not have enhanced arguments already made.

**Memorandum Opinion and Order - Page 1**

Pierburg AG; KS Kolbenschmidt GmbH f/k/a Kolbenschmidt AG; and Superior Air Parts, Inc. ("Superior") (collectively, "Defendants"). The action arises from an aircraft crash on November 22, 2009. Daniel P. Bisk was a passenger in the aircraft. He was severely injured in the crash and died on December 1, 2009. Plaintiffs brought claims for wrongful death and survival damages against Defendants based on strict liability, negligence, and breach of express and implied warranty.

On December 9, 2011, Defendant AVCO Corporation ("AVCO") removed this action from County Court at Law Number Two, Dallas County, Texas, to federal court, pursuant to 28 U.S.C. § 1332(a)(1), contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. At the time of removal, *no* defendants named in this action had been served; however, AVCO filed an answer in state court the same day that it removed the action to federal court. Superior, the local or in-state defendant, was served on January 5, 2012.

Plaintiffs opposed the removal and filed a motion to remand. They contend that the removal to federal court was procedurally improper under 28 U.S.C. § 1441(b) because none of Defendants had been served with process at the time of removal and because one of Defendants, Superior, is a citizen of Texas. AVCO counters that the statute does not apply because Superior, the local or in-state Defendant, had not been "joined and served" at the time of removal. The court agrees.

**II.   Discussion**

There is no question that diversity of citizenship exists between the parties, and the parties do not dispute its existence. Plaintiffs are citizens of New York and Washington; Defendants are citizens of Delaware, Massachusetts, Texas, and Germany. Superior is the Texas citizen. No

Plaintiff shares citizenship with any Defendant. The question is whether a statutory limitation prevents removal of this action. The relevant statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).[2] The second sentence of this provision is what gives rise to the issue presented in the motion to remand. This sentence places a limitation on removal in diversity cases, even if complete diversity exists between the parties. This provision is referred to at times as the "no-local-defendant" rule or the "no-in-state defendant" rule, which means that the forum or in-state defendant may not remove an action to federal court if such defendant has been properly joined and served as a defendant. The court has found no authority from the Fifth Circuit that addresses this issue.

Plaintiffs rely primarily on two cases: *Recognition Communications, Inc. v. American Automobile Association, Inc.*, Civil Action No. 3:97-CV-945-P, 1998 WL 119528 (N.D. Tex. March 5, 1998); and *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005). The court finds both cases inapplicable to the facts and circumstances presented in this case. Moreover, district courts across the nation are divided on the application of section 1441(b) regarding the "properly joined and served" language, that is, some adopt the position advocated by

---

[2]This provision of the statute was amended in 2011, but the amendment did not take effect until January 6, 2012, and does not apply to actions filed prior to January 6, 2012. For removed actions, the filing date is determined based on the date of filing in state court. As this action was originally filed in state court on December 1, 2011, the amendment does not apply to this action.

**Memorandum Opinion and Order - Page 3**

Plaintiffs, and others adopt the position advocated by AVCO. *See Hutchins v. Bayer Corp.*, C.A. No. 08-640, 2009 WL 192468, at *10-11 (D. Del. Jan. 23, 2009) (collecting cases).

The court uses a "plain text" analysis in reaching its decision. The court believes that the meaning of the statute is plain, although the manner in which it is drafted earns no grammatical approbation. Stated another way, the provision simply means that a case cannot be removed to federal court if any party in interest is properly joined and served as a defendant, and that defendant is a citizen of the state in which the lawsuit is brought.

As previously stated, at the time of removal, service had not been effected on any party, although AVCO had filed an answer in state court. Superior was the only in-state or forum defendant at the time the action was filed and removed; however, it had not been served at the time of removal. Further, AVCO is not a citizen of Texas, so nothing prevented it from seeking removal to federal court under the statute, even had it been joined and served.

*The effect of the statute is that once any local or in-state defendant has been joined and served, the action cannot be removed to federal court by the local or in-state defendant, or any other defendant.* From the plain text of the statute, if an in-state or local defendant is named in an action and a nonforum defendant desires to remove to federal court, the nonforum defendant must do so before the local or in-state defendant is served; otherwise, no defendant may remove the action to federal court. In this case, had Plaintiffs served Superior prior to the time AVCO removed this action, the removal would have been improper, and remand to state court would be required. In other words, once an in-state or local defendant is served, later-served forum or nonforum defendants cannot remove to federal court pursuant to section 1441(b).

This court is aware of the competing arguments and the to-and-fro caused by district courts reaching contrary conclusions on this issue. *See Hutchins*, 2009 WL 192468, at *10-11 (collecting

**Memorandum Opinion and Order - Page 4**

cases). Some courts refer to what AVCO did as a type of "gamesmanship" that allows defendants to rush and "remove a newly filed state court case before the plaintiff can perfect service" and to "frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction." *Id.* at *10 (citations omitted). This court finds these arguments unconvincing.

First, as the court previously stated, the meaning of the statute is clear. To adopt Plaintiffs' position and conclude that removal is barred before any defendant has been served necessarily requires the court to ignore the words "properly joined and served" or to read them completely out of the text of the statute. This court simply cannot disregard the literal language of the statute.

Second, there is no frustration of the efforts of Congress and the courts to determine diversity jurisdiction. Complete diversity exists. The issue posed is not one of jurisdiction; rather, it is a procedural issue. "[T]he presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div*., 131 F.3d 546, 548 (5th Cir. 1998) (citations omitted); *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted). The presence of an in-state or non-diverse defendant is "not a problem of subject matter jurisdiction." *Williams v. AC Spark Plugs Div. of GM Corp*., 985 F.2d 783, 787 (5th Cir. 1993) (citation omitted). In other words, in such cases a court has jurisdiction, but Congress has decided that an action involving an in-state or local defendant properly joined and served may not be removed to federal court; however, if diversity exists and an in-state defendant is joined and served, the court can hear the case if a plaintiff fails to object to the presence of the in-state defendant within thirty days of the date of removal. *Id.* at 789. In this case, the court is not deciding diversity jurisdiction but merely whether this case was improperly removed on procedural grounds.

Third, Congress is, of course, free to amend the statute to correct any perceived inequities or unintended consequences; however, this court presumes that Congress knows how to draft legislation and express its intent. Moreover, a court has no business substituting its judgment for that of Congress when the plain language of the statute compels only one conclusion, namely, that reached herein by the court.

As there was no Texas defendant properly joined and served at the time AVCO removed this action to federal court on December 9, 2011, section 1441(b) simply does not come into play and provides no basis to remand this action. Accordingly, Plaintiffs' Motion to Remand will be denied.

### III. Conclusion

For the reasons herein stated, removal by AVCO was not procedurally defective. AVCO properly removed this action pursuant to section 1441(b). Accordingly, the court **denies** Plaintiffs' Motion to Remand.

**It is so ordered** this 30th day of May, 2012.

Sam A. Lindsay
United States District Judge