IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTINE CARRS,** Individually and as Personal representative of the Estate of Daniel P. Bisk, deceased, and **ZOE ANNE BISK**, and **CAROLINE DORA BISK,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-3423-L** |
| **AVCO CORPORATION, on behalf of its LYCOMING ENGINES division; KS GLEITLAGER USA, INC. f/k/a KS BEARINGS, INC.; KOLBENSCHMIDT PIERBURG AG; KS KOLBENSCHMIDT GmbH f/k/a KOLBENSCHMIDT AG; and SUPERIOR AIR PARTS, INC.**, | § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Voluntarily Dismiss Their Complaint, filed July 25, 2012. After careful consideration of the motion, response brief, reply, record and applicable law, the court **grants** Plaintiffs' Motion to Voluntarily Dismiss Their Complaint.

**I.    Background**

Christine Carrs, Zoe Anne Bisk, and Caroline Dora Bisk ("Plaintiffs") filed this action in County Court at Law Number Two, Dallas County, Texas, against AVCO Corporation, on behalf of its Lycoming Engines division; KS Gleitlager USA, Inc. f/k/a KS Bearings, Inc.; Kolbenschmidt Pierburg AG; KS Kolbenschmidt GmbH f/k/a Kolbenschmidt AG; and Superior Air Parts, Inc. ("Superior") (collectively, "Defendants"). The action arises from an aircraft crash on November 22, 2009. Daniel P. Bisk was a passenger in the aircraft. He was severely injured in the crash and died

on December 1, 2009. Amir Tirosh also died as a result of the plane crash. Plaintiffs brought claims for wrongful death and survival damages against Defendants based on strict liability, negligence, and breach of express and implied warranty.

On December 9, 2011, Defendant AVCO Corporation ("AVCO") removed this action from County Court at Law Number Two, Dallas County, Texas, to federal court, pursuant to 28 U.S.C. § 1332(a)(1), contending that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. At the time of removal, *no* defendants named in this action had been served; however, AVCO filed an answer in state court the same day that it removed the action to federal court. Superior, the local or in-state defendant, was served on January 5, 2012.

Plaintiffs opposed the removal and filed a motion to remand. They contended that the removal to federal court was procedurally improper under 28 U.S.C. § 1441(b) because none of Defendants had been served with process at the time of removal and because one of Defendants, Superior, is a citizen of Texas. AVCO countered that the statute did not apply because Superior, the local or in-state Defendant, had not been "joined and served" at the time of removal. The court agreed, held that the removal was not procedurally defective, and denied Plaintiffs' Motion to Remand.

Several days prior to this action being filed, an action was filed in state court in New York. Plaintiffs have brought virtually the same or similar claims against the defendants in this case and one other defendant that is not a party to this action.

Plaintiffs now seek voluntary dismissal of this case and contend that such dismissal should be allowed because there is no legal prejudice to Defendants and the motion is not designed or

calculated for Plaintiffs to gain a tactical advantage in any future litigation. AVCO opposes the motion and contends that it will be prejudiced because (1) AVCO asserted a comparative negligence claim or defense against Plaintiffs and will not have such claim or defense under Chapter 33 of the Texas Civil Practice and Remedies Code if the action is litigated in New York; and (2) the case cannot be fully and fairly litigated to completion in New York if Superior is dismissed for lack of personal jurisdiction. Alternatively, AVCO requests the court to award it attorney's fees and costs incurred in this action.

## II.     Standard for Voluntary Dismissal

Plaintiff's motion is governed by Federal Rule of Civil Procedure 41(a)(2). As AVCO has filed an answer and has not stipulated to the dismissal of the action, this "action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." *Id.* Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Legal prejudice will exist when an affirmative defense would be lost. *Elbaor*, 279 F.3d at 318. Legal prejudice may also exist if the nonmovant could lose a *forum non conveniens* defense. *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991). Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion. If

the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted). "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

### III.   Discussion

#### A.   Comparative Negligence

The court finds AVCO's argument regarding comparative negligence and proportionate responsibility unavailing. While New York and Texas law may be somewhat different regarding comparative negligence, AVCO is not precluded from raising its claim or defense of comparative negligence in the New York action. Moreover, the record before the court reflects that AVCO has indeed pleaded the comparative negligence defense in the New York action. Thus, AVCO has availed itself of this defense. Moreover, the court has found no Fifth Circuit authority that holds or intimates that the differences between two states' comparative negligence statutes warrant a determination that plain legal prejudice exists. AVCO's real argument is that Texas's comparative negligence statute is more favorable to it than New York law. The court does not believe that this alone is sufficient to constitute plain legal prejudice.

#### B.   Litigation in New York

AVCO contends that this case cannot be fully and fairly litigated to completion in New York if Superior is dismissed because the New York court lacks personal jurisdiction over Superior. The problem with this argument is that there is no basis to support it at this juncture. The record is not sufficiently developed to support AVCO's argument that there is a possibility that Superior will be dismissed because the court in New York lacks personal jurisdiction over it. The record simply is

too tentative for the court to be persuaded by AVCO's argument. Moreover, even if the case cannot be fully litigated in New York, the court knows of no impediment that prevents AVCO from maintaining an independent cause of action against Superior in Texas or any other venue permitted under 28 U.S.C. § 1391. While the New York venue may not be ideal for AVCO and AVCO may be inconvenienced to some extent, the court does not believe these are bases to find that plain legal prejudice exists against AVCO.

### C.     Imposition of Conditions

AVCO requests the court to impose conditions if it dismisses the action. In particular AVCO requests the court to award it attorney's fees and costs incurred thus far in this action. In making this request, AVCO also accuses Plaintiffs of forum shopping. The court, however, cannot definitively say that Plaintiffs are forum shopping. They explained the reason for filing an action in New York and then filing one several days later in Texas. According to Plaintiffs, this was done because Superior might not be subject to personal jurisdiction in New York, which is the same argument now made by AVCO. If Superior is dismissed because the New York court lacks personal jurisdiction, Texas is certainly an available forum for Plaintiffs to file an action against Superior or for AVCO to file an independent cause of action against Superior. Based on the record in this case, there is insufficient evidence to support forum shopping. The court only has the unsubstantiated allegations of AVCO. Moreover, the court has found no Fifth Circuit authority that holds that forum shopping constitutes legal prejudice.

Based on the applicable standard and the record in this case, the court concludes that granting Plaintiffs' motion to dismiss will not cause AVCO to suffer plain legal prejudice. None of the instances where the Fifth Circuit has held that plain legal prejudice exists applies to AVCO. As

AVCO will suffer no plain legal prejudice, there is no need to craft conditions to cure prejudice. *Elbaor*, 279 F.3d at 317-18. Accordingly, the court will not grant AVCO its attorney's fees and costs incurred in this action.[*]

### III.    Conclusion

For the reasons herein stated, the court **grants** Plaintiffs' Motion to Voluntarily Dismiss Their Complaint. Accordingly, the court **dismisses** this action **without prejudice**. The parties are to bear their own attorney's fees and costs.

**It is so ordered** this 31st day of August, 2012.

Sam A. Lindsay
United States District Judge

---

[*]Little activity has taken place in this case. There are only nineteen entries on the docket sheet, no discovery has taken place, and the court has not issued a scheduling order. This case is by no means in a "late stage."